IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DAROSKY DERRELL FORD**                                                                    **PLAINTIFF**

**v.**                                                                   **No. 4:20CV211-DAS**

**MDOC, ET AL.**                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Darosky Derrell Ford, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that he was wrongly found guilty for a prison rule violation that he did not commit. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On July 22, 2020, an inmate was assaulted and killed at the South Mississippi Correctional Institution ("SMCI"), Area 2, A-2, B-Zone. The plaintiff was housed in SMCI on A-Zone (not B-Zone) in that unit at the time. On July 28, 2020, CID investigators questioned him about the incident, and the next day he was transported to the Mississippi State Penitentiary. He received a Rule Violation Report on August 19, 2020, charging him with the assault. He was found guilty of the infraction on August 28, 2020; his punishment was 30 days' loss of all privileges and recommendation for reclassification. The plaintiff appealed the guilty finding the same day. On October 24, 2020, his

appeal was denied. As a result of the recommendation, he lost privileges for 30 days and was placed in long-term administrative segregation, where he remains.

## Due Process in the Prison Context

Mr. Ford's allegations must be dismissed for failure to state a claim upon which relief could be granted. Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 30 days' loss of privileges and recommendation for reclassification (leaving the final decision on classification to prison adminstrators). Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of April, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE